NEAL S. SALISIAN, SBN 240277
neal.salisian@salisianllp.com
JARED T. DENSEN, SBN 325164
jared.densen@salisianllp.com
PATTY W. CHEN, SBN 322992
patty.chen@salisianllp.com
**SALISIAN LLP**
550 South Hope Street, Suite 750
Los Angeles, California 90071-2686
Telephone:   (213) 622-9100
Facsimile:   (800) 622-9145

Michelle M. Chiongson, SBN 240277
Michelle.chiongson@amerisbank.com
**AMERIS BANK**
575 Anton Boulevard, Suite 1080
Costa Mesa, California 92626
Tel: (949) 399-6303

Attorneys for Plaintiff
AMERIS BANK

# THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIS BANK, a Georgia state-chartered banking corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DRILLTEK, LLC, a Colorado limited liability company; and EFRAIN CARAVEO JR., an individual,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF AMERIS BANK'S COMPLAINT FOR:**<br><br>**1. BREACH OF EQUIPMENT FINANCING AGREEMENT (2 COUNTS)**<br><br>**2. BREACH OF PERSONAL GUARANTY (2 COUNTS)** |

COMPLAINT

Plaintiff Ameris Bank, a Georgia state-chartered banking corporation ("Ameris" or "Plaintiff"), alleges as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Ameris Bank ("Ameris" or "Plaintiff") is, and at all times relevant to this action was, a Georgia state-chartered banking corporation with its principal place of business in the State of California, County of Orange.

2. Defendant Drilltek, LLC ("Drilltek"), is, and at all times relevant to this action was, a Colorado limited liability company with its principal place of business in the County of Denver, State of Colorado.

3. Based on my office's research, and upon information and belief, Juan Almarez ("Almarez") and Efrain Caraveo Jr. ("Caraveo") (collectively with Drilltek, "Defendants") are the only members of Drilltek and both members are citizens of Colorado. Thus, Drilltek is a citizen of the State of Colorado.

4. Defendant Caraveo is, and at all times relevant to this action was, a resident of the County of Douglas, State of Colorado, and was a member, officer, director, agent, and/or owner of Drilltek. Based on information and belief, including the Driver's License submitted by Caraveo to Ameris, Caraveo is domiciled in Highlands Ranch, CO 80130.

5. Plaintiffs are informed and believes, and thereon allege, that each defendant, directly or indirectly, or through agents or other persons, was engaged with some or all of the other defendants in a joint enterprise for profit and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiffs are informed and believe and thereon allege that each defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have known about the foregoing, and that each defendant authorized, ratified, adopted, approved, controlled, and aided and abetted the conduct of all other defendants.

1

COMPLAINT

6.    The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California Civil Code Sections 1801, *et seq.* (Unruh Retail Installment Sales Act) and/or California Civil Code Sections 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

7.    Pursuant to the Equipment Financing Agreements described herein, Defendants agreed those documents would be governed by the laws of the State of California.  In addition, the Equipment Financing Agreement No.1 (as defined below) and Equipment Financing Agreement No.2 (as defined below) provides, in pertinent part, as follows:

> **31. CONSENT TO EXCLUSIVE AND MANDATORY JURISDICTION AND VENUE OF CALIFORNIA** . . . Debtor submits to the jurisdiction of California and agrees that any action or proceeding to enforce this Agreement, or any action or proceeding arising out of or related to this Agreement will be exclusively commenced, initiated and litigated in the California State Courts or Orange County California and/or the United States District Court for the Central District of California, Santa Ana Division.

8.    Jurisdiction.  This Court has jurisdiction over the case pursuant to 28 U.S.C. § 1332(a).

9.    Specifically, as described above, Ameris is a citizen of the States of Georgia and California and Defendants are each a citizen of the State of Colorado. As such, Drilltek and Caraveo are not citizens of California or Georgia, and there exists complete diversity of citizenship between Plaintiff and Defendants.  Lastly, as alleged herein, the amount in controversy exceeds $75,000.

10.    Venue.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) and in the Southern Division pursuant to 28 U.S.C. § 84(c)(3).

11.    All officers of Ameris, including all witnesses, and all of Ameris's documents are located in the State of California, County of Orange. The transactions at issue in this Action occurred in the State of California, County of Orange.

2

COMPLAINT

Salisian

## FIRST CAUSE OF ACTION

### (Breach of Equipment Financing Agreement No. 1)

### (Against Drilltek)

12.    Ameris alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

13.    In or prior to May 2025, Ameris is informed and believes that Drilltek initiated and engaged with Ritchie Bros. Auctioneers Inc., located at 4000 Pine Lake Road, Lincoln, NE 68516 (the "Equipment Vendor"), in order to coordinate the acquisition and financing of certain equipment (the "Collateral No.1") for its business. the Equipment Vendor worked with Drilltek in the selection of the Collateral and in coordinating its delivery.

14.    Ameris is informed and believes, and therefore alleges, that the Equipment Vendor initiated and coordinated submission of Drilltek's electronic credit application to Ameris and other financial institutions.  Upon review, Drilltek concluded that Ameris offered agreeable terms to finance Collateral No. 1 commensurate with its requirements.  Thereafter, the Equipment Vendor accumulated and submitted to Ameris the requisite signatories, documentation and financial information from Drilltek to finance the Collateral being supplied by the Equipment Vendor.

15.    On or about May 1, 2025, Drilltek executed a certain written Equipment Financing Agreement No. 401411-001 ("EFA No. 1"), under the terms of which Ameris loaned to Drilltek the sum of Fifty-Four Thousand Ninety Dollars and Eighty-Nine Cents ($54,090.89) to finance Collateral No. 1 for its business. EFA No. 1 required Drilltek to make thirty-six (36) monthly payments of $1,770.10 payable on the 5th day of each month beginning June 5, 2025.  A true and correct copy of EFA No. 1 is attached as **Exhibit A** and is incorporated here by reference.

16.    The last payment received by Ameris was credited toward the monthly payment due for April 5, 2026.  Therefore, on or about May 5, 2026, Drilltek

3

Salisian

breached EFA No. 1 by failing to make the monthly payment due on that date. Drilltek's failure to make timely payments is a default under the terms of EFA No. 1.

17.   In accordance with EFA No. 1, and as a proximate result of Defendant's default thereunder, Ameris declared the entire balance of the payments under EFA No. 1 to be immediately due and payable to Ameris.  Therefore, there became due the sum of $45,698.05.  These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Drilltek.

18.   Ameris has performed all of the terms, conditions, and covenants required to be performed by it under the terms of EFA No. 1, except as excused or prevented by Drilltek's conduct.

19.   As a proximate result of Drilltek's breach of the EFA, Ameris has been damaged in the total sum of **$45,698.05** plus prejudgment interest from May 5, 2026, until the entry of judgment herein.

20.   Further, under the terms of EFA No. 1, Drilltek promised to pay all costs, including reasonable attorneys' fees, incurred by Ameris in the enforcement of EFA No. 1.  Therefore, Ameris requests the Court award Ameris its reasonable attorneys' fees and costs as against Drilltek.

21.   EFA No. 1 also provides Ameris the remedy of possession of Collateral No. 1 and to obtain an order that Ameris may, in accordance with applicable state law, sell the remaining Collateral No. 1 and apply the net proceeds from the sale to the remaining loan balance.  Alternatively, if possession cannot be had, Ameris is entitled to recover the value of Collateral No. 1.

## SECOND CAUSE OF ACTION

### (Breach of Personal Guaranty No. 1)

### (Against Caraveo)

22.   Ameris alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

4

COMPLAINT

23.    Concurrently with the execution of EFA No. 1, and in order to induce Ameris to enter into EFA No. 1 with Drilltek, Caraveo personally guaranteed, in writing, the payment of the then-existing and future indebtedness due and owing to Ameris under the terms of EFA No. 1 ("Guaranty No. 1").  A true and correct copy of the written Personal Guaranty signed by Caraveo is attached as **Exhibit B** and incorporated herein by reference.

24.    Ameris has performed all the terms, conditions, and covenants required to be performed by Ameris under the terms of Guaranty No. 1, except as excused or prevented by the conduct of Caraveo.

25.    Following a default by Drilltek under the terms of EFA No. 1, Ameris demanded Caraveo make the payments required under EFA No. 1. Caraveo failed to meet Guaranty No. 1 obligations and make the payments required under the EFA.

26.    Pursuant to the terms of the Guaranty, the sum of **$45,698.05**, plus prejudgment interest from May 5, 2026, is due and payable to Ameris from Caraveo.  This Complaint, in addition to previous demands, shall constitute further demand upon Caraveo to pay the entire indebtedness due and owing from Drilltek to Ameris under the terms of EFA No. 1.

27.    Under the terms of Guaranty No. 1, Caraveo promised to pay all costs, including reasonable attorneys' fees, incurred by Ameris in the enforcement of EFA No. 1 and Guaranty No. 1.  Therefore, Ameris requests the Court award Ameris its reasonable attorneys' fees and costs as against Caraveo.

### THIRD CAUSE OF ACTION

**(Breach of Equipment Financing Agreement No. 2)**

**(Against Drilltek)**

28.    Ameris alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

5

COMPLAINT

29.    In or prior to May 2025, Ameris is informed and believes that Drilltek initiated and engaged with the Equipment Vendor again, in order to coordinate the acquisition and financing of additional equipment ("Collateral No. 2") for its business. The Equipment Vendor worked with Drilltek in the selection of Collateral No. 2 and in coordinating its delivery.

30.    Ameris is informed and believes, and therefore alleges, that the Equipment Vendor initiated and coordinated submission of Drilltek's electronic credit application to Ameris and other financial institutions.  Upon review, Drilltek concluded that Ameris offered agreeable terms to finance Collateral No. 2 commensurate with its requirements.  Thereafter, the Equipment Vendor accumulated and submitted to Ameris the requisite signatories, documentation and financial information from Drilltek to finance Collateral No. 2 being supplied by the Equipment Vendor.

31.    On or about May 5, 2025, Drilltek executed a certain written Equipment Financing Agreement No. 401411-002 ("EFA No. 2"), under the terms of which Ameris loaned to Drilltek the sum of Forty-Five Thousand Five Dollars and Sixty-Six Cents ($45,005.66) to finance Collateral No. 2 for its business. EFA No. 2 required Drilltek to make sixty (60) monthly payments of $977.86, payable on the 3rd day of each month beginning June 3, 2025.  A true and correct copy of EFA No. 2 is attached as **Exhibit C** and is incorporated here by reference.

32.    The last payment received by Ameris was credited toward the monthly payment due for April 3, 2026.  Therefore, on or about May 3, 2026, Drilltek breached EFA No. 2 by failing to make the monthly payment due on that date. Defendant's failure to make timely payments is a default under the terms of EFA No. 2.

33.    In accordance with EFA No. 2, and as a proximate result of Defendant's default thereunder, Ameris declared the entire balance of the payments under the EFA to be immediately due and payable to Ameris.  Therefore, there

6

Salisian

became due the sum of $48,893.00. These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Drilltek.

34. Ameris has performed all of the terms, conditions, and covenants required to be performed by it under the terms of EFA No. 2, except as excused or prevented by Drilltek's conduct.

35. As a proximate result of Drilltek's breach of EFA No. 2, Ameris has been damaged in the total sum of **$48,893.00** plus prejudgment interest from May 3, 2026, until the entry of judgment herein.

36. Further, under the terms of EFA No. 2, Drilltek promised to pay all costs, including reasonable attorneys' fees, incurred by Ameris in the enforcement of EFA No. 2. Therefore, Ameris requests the Court award Ameris its reasonable attorneys' fees and costs as against Drilltek.

37. EFA No. 2 also provides Ameris the remedy of possession of Collateral No. 2 and to obtain an order that Ameris may, in accordance with applicable state law, sell the remaining Collateral No. 2 and apply the net proceeds from the sale to the remaining loan balance. Alternatively, if possession cannot be had, Ameris is entitled to recover the value of Collateral No. 2.

**FOURTH CAUSE OF ACTION**

**(Breach of Personal Guaranty No. 2)**

**(Against Caraveo)**

1. Ameris alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

2. Concurrently with the execution of EFA No. 2, and in order to induce Ameris to enter into EFA No. 2 with Drilltek, Caraveo personally guaranteed, in writing, the payment of the then-existing and future indebtedness due and owing to Ameris under the terms of EFA No. 2 ("Guaranty No. 2"). A true and correct copy of the written Personal Guaranty signed by Caraveo is attached as **Exhibit D** and incorporated herein by reference.

7

3.    Ameris has performed all the terms, conditions, and covenants required to be performed by Ameris under the terms of Guaranty No. 2, except as excused or prevented by the conduct of Caraveo.

4.    Following a default by Drilltek under the terms of EFA No. 2, Ameris demanded Caraveo make the payments required under EFA No. 2. Caraveo failed to meet Guaranty No. 2 obligations and make the payments required under EFA No. 2.

5.    Pursuant to the terms of Guaranty No. 2, the sum of **$48,893.00**, plus prejudgment interest from May 3, 2026, is due and payable to Ameris from Caraveo.  This Complaint, in addition to previous demands, shall constitute further demand upon Caraveo to pay the entire indebtedness due and owing from Drilltek to Ameris under the terms of EFA No. 2.

6.    Under the terms of Guaranty No. 2, Caraveo promised to pay all costs, including reasonable attorneys' fees, incurred by Ameris in the enforcement of EFA No. 2 and Guaranty No. 2.  Therefore, Ameris requests the Court award Ameris its reasonable attorneys' fees and costs as against Caraveo.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

**On the First and Second Causes of Action:**

1.    The sum of $45,698.05;

2.    Prejudgment interest from May 5, 2026, to the date of entry of judgment;

3.    An order to recover possession of Collateral No. 1 which is the subject of EFA No. 1, or if Collateral No. 1 cannot be delivered, for its reasonable value according to proof;

4.    Reasonable attorneys' fees and costs;

8

COMPLAINT

Salisian

5. Costs of suit as provided by law; and

6. Such other and further relief that the Court considers proper.

**On the Third and Fourth Causes of Action:**

7. The sum of $48,893.00;

8. Prejudgment interest from May 3, 2026, to the date of entry of judgment;

9. An order to recover possession of Collateral No. 2 which is the subject of EFA No. 2, or if Collateral No. 2 cannot be delivered, for its reasonable value according to proof;

10. Reasonable attorneys' fees and costs;

11. Costs of suit as provided by law; and

12. Such other and further relief that the Court considers proper.

DATED: June 29, 2026      SALISIAN LLP

By: _____
      Patty W. Chen
      Jared T. Densen
      Neal S. Salisian

      Attorneys for Plaintiff
      AMERIS BANK

9

COMPLAINT